UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEY PERRAULT, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>COMMITTED HOME CARE INC,<br><br>Defendant. | Docket No.: 5:25-cv-921 (ECC/ML)<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>Jury Trial Requested |

Named Plaintiff Jamey Perrault ("Named Plaintiff"), on behalf of herself and the putative class, by her attorneys Gattuso & Ciotoli, PLLC and Virginia & Ambinder, LLP, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought on behalf of the Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who are presently or were formerly employed by COMMITTED HOME CARE INC ("Defendant") to provide personal care, assistance, health-related tasks and other home care services to Defendant's clients within the State of New York.

2. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), and 29 U.S.C. § 778.106, and New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 651 *et seq.*, New York Labor Law § 650 *et seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.2, 142-2.4, and 142-2.6, and New York Public Health Law § 3614-c to recover all wages and benefits which Plaintiffs were statutorily and contractually entitled to receive for work performed for Defendant including regular wages, overtime wages, spread of hours pay, damages for wage statement violations, and all other damages available under the law including but not limited to liquidated damages, interest, attorneys' fees, and costs.

3. Beginning in July 2019 and, upon information and belief, continuing through the present, Defendant has engaged in a policy and practice of failing to pay Named Plaintiff and putative class members all of their earned wages, including failing to pay them at their regular rate of pay for every hour worked up to forty (40) per week, overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked after forty (40) per week, and spread of hours pay at the applicable minimum wage rate for home health aides for all hours worked in excess of ten (10) hours per day. Defendant has further failed to provide Plaintiffs with true, accurate, and correct wage statements as required by the NYLL.

4. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees who performed work within the State of New York, all unpaid wages including unpaid regular wages, overtime compensation, spread of hours pay, damages for wage statement violations under the NYLL, and all other damages applicable under the law including liquidated damages, interest, attorneys' fees, and costs.

## THE PARTIES

5. Named Plaintiff is a resident of Madison County, New York.

6. Defendant is a domestic corporation organized under the law of the State of New York, with its principal location at 222 NY-59, Suite 302, Suffern, NY, 10901. Defendant is primarily engaged in providing nursing and home health aide services at the residences of its clients.

7. At all relevant times, Defendant employed Plaintiffs as defined by New York State Labor Law §§ 651(5) and (6) and applicable regulations, 12 NYCRR § 142-2.14.

8. Defendant is an employer within the meaning contemplated under 29 U.S.C. §§ 203(d) and 206(a).

9. Defendant assigned Plaintiffs' tasks, set their work schedule, and controlled their day-to-day work.

10. Defendant maintained substantial control of the working conditions of Named Plaintiff and putative class members over the unlawful policies and practices alleged herein.

11. Defendant used Plaintiffs' labor for its benefit.

12. Defendant maintained the authority to hire and fire Named Plaintiff and putative class members, control their rates of pay, and control their schedules.

13. Named Plaintiff and putative class members are Defendant's employees, within the meaning contemplated, pursuant to the NYLL Article 19 § 651, et seq. and the supporting New York State Department of Labor Regulations.

## JURISDICTION

14. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

15. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

16. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

17. Upon information and belief, Plaintiffs utilized tools, items, and materials in the course of their work that moved across state lines and thus were engaged in interstate commerce.

## VENUE

18. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## FLSA COLLECTIVE ACTION AND CLASS ALLEGATIONS

19. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

20. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every person employed by Defendant to provide personal care, assistance, health-related tasks and other home care services to Defendant's clients within the State of New York, including but not limited to home health aides and personal care assistants, during the period from July 2019 up to the present (the "Putative Class").

21. The Putative Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the putative class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the Putative Class are not known.

22. The questions of law and fact common to Named Plaintiff and the Putative Class (together "Plaintiffs") predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, whether Defendant engaged in a pattern and practice of: (1) failing to pay Plaintiffs at their regular rate of pay for all hours worked up to forty (40) hours per week; (2) failing to pay Plaintiffs the all spread of hours pay owed when their workday exceeds ten hours at the applicable wage rates; (3) failing to pay Plaintiffs overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours per week; and (4) failing to provide true and accurate pay statements as required by the NYLL.

23. The claims of the Named Plaintiff are typical to the claims of the class, because she is a former home health aide of Defendant who sustained damages, including underpayment of

wages as a result of Defendant's common unlawful compensation policies and practices. The defenses that Defendant is likely to assert against Named Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the class.

24. Named Plaintiff and her counsel will fairly and adequately protect the interests of the Putative Class. Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and Putative Class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

26. Named Plaintiff was, at all relevant times, a home health aide employed in New York by Defendant to provide personal home health care and assistance to Defendant's clients in their homes.

27. Named Plaintiff worked for Defendant as a home health aide from approximately January 2024 until approximately September 2025.

28. While employed by Defendant, Named Plaintiff provided services to homebound, disabled and/or ailing elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and feeding, heavy cleaning such as mopping and cleaning bathrooms, doing laundry and taking out garbage, and making transportation arrangements.

29. Defendant paid Named Plaintiff approximately $18.00 per hour during her

employment until September 2025 when Defendant changed her pay rate to $17.55 per hour.

30. Defendant did not pay Named Plaintiff at her regular rate of pay for all regular hours that she worked before forty (40) hours per week.

31. For example, Named Plaintiff was not paid at her regular rate of pay for all regular hours that she worked before forty (40) hours per week including but not limited to the week of 6/22/2024 to 6/28/2024.

32. For the first few weeks of Named Plaintiff's employment, she typically worked approximately 24 hours per week for Defendant. Named Plaintiff typically worked well beyond forty hours per week for the remainder of her employment with Defendant.

33. From approximately February 2024 until September of 2025, Named Plaintiff typically worked four days per week for Defendant—Mondays through Thursdays. She usually began work all four days per week between approximately 5:30 a.m. to 6:00 a.m. Three days per week, Named Plaintiff typically worked until between approximately 6:000 p.m. to 7:00 p.m., though she occasionally worked until approximately 9:00 p.m. One day per week, Named Plaintiff typically worked until approximately 4:00 p.m.

34. Named Plaintiff occasionally worked on Fridays as well.

35. Named Plaintiff thus typically worked well beyond forty (40) hours per week.

36. Despite regularly working more than forty (40) hours per week, Named Plaintiff was not paid at an overtime rate of one and one-half times her regular rate of pay for all hours worked after forty (40) per week for most weeks of her employment.

37. For example, Named Plaintiff was not paid overtime compensation for all hours worked beyond forty (40) per week during most weeks including but not limited to the following weeks:

- 03/16/2024 – 03/22/2024
- 06/01/2024 – 06/07/2024
- 09/14/2024 – 09/20/2024

38. Named Plaintiff also regularly worked more than ten hours per day and was not paid spread of hours pay at the applicable home health aide minimum wage rate when her workday exceeded ten hours.

39. Named Plaintiff complained to Defendant about not being paid correctly, but no changes were made. In fact, Named Plaintiff's employment was terminated shortly after she complained.

40. The wage statements Defendant provided Named Plaintiff inaccurately reported the number of overtime, regular, and spread of hours she worked each, and incorrectly reported the applicable regular, overtime compensation, and spread of hours rate of pay that she should have received for her work.

41. Defendant's failure to provide Named Plaintiff with wage statements that accurately reflected her regular hours of work, overtime hours of work, and spread of hours work, as well as the true and accurate corresponding pay rates for her regular, overtime, and spread of hours time, prevented Named Plaintiff from being able to correctly determine that she was being underpaid at all and to what extent.

42. Had Defendant correctly reported to Named Plaintiff what her true earnings were, Named Plaintiff would have more readily been able to determine that she was being underpaid and the method by which Defendant was underpaying her.

43. Plaintiffs performed the same and/or similar work to that of the Named Plaintiff.

44. Like Named Plaintiff, while employed by Defendant, Putative Class Members

provided services to homebound, disabled and/or ailing elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and feeding, changing diapers, heavy cleaning such as mopping and cleaning bathrooms, doing laundry and taking out garbage, making appointments, escorting clients to the doctor, and making transportation arrangements.

45. Named Plaintiff and the Putative Class Members did not "live" in the homes of Defendant's clients, nor were they "exempt companions."

46. Like Named Plaintiff, the Putative Class Members were not paid at their regular rate of pay for all hours worked up to forty (40) hours per week.

47. Like Named Plaintiff, the Putative Class Members generally worked more than 40 hours per week.

48. Like Named Plaintiff, the Putative Class Members generally were not paid overtime wages at the applicable overtime hourly rate for all hours worked in excess of 40 hours in any given week.

49. Defendant maintained a practice and policy of failing to pay Plaintiffs for all hours worked at the appropriate overtime rate of pay.

50. Like Named Plaintiff, Putative Class Members also regularly worked more than ten hours per day and were not paid spread of hours pay at the applicable minimum wage rates when their workday exceeded ten hours.

51. Putative Class Members also received inaccurate wage statements that incorrectly reflected the number of regular, overtime, and spread of hours that they worked each week, and incorrectly reflected the corresponding regular, overtime, and spread of hours pay rates that they were owed.

52. Defendant's failure to produce true and accurate wage statements to Putative Class Members prevented them from determining that they were being underpaid and the precise method by which they were underpaid.

53. Defendant knew, should have known, or had reason to know that Plaintiffs were working time for which they were not properly compensated.

54. Defendant permitted and/or pressured Plaintiffs to work without proper compensation.

55.

56. Defendant's actions as described herein were intentional and not made in good faith.

**FIRST CAUSE OF ACTION**
**UNPAID OVERTIME COMPENSATION UNDER THE FLSA**

57. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

58. The FLSA and its implementing regulations require compensation for all work performed, including overtime compensation.

59. Defendant did not compensate Plaintiffs at the rates required by the FLSA for all work Plaintiffs performed.

60. Pursuant to the FLSA, 29 U.S.C. § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

61. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting

directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

62. Plaintiffs are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

63. Defendant is an "employer[s]," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

64. Defendant failed to pay Plaintiffs all earned overtime wages, at the rate of one- and one-half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given workweek.

65. Defendant's failure to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

66. By the foregoing reasons, Defendant is liable to Plaintiffs and members of the Putative Collective in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**UNPAID NYLL OVERTIME COMPENSATION**

67. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

68. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

69. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

70. Upon information and belief, Plaintiffs worked more than forty hours a week while

working for Defendant.

71. At all relevant times to this action, Defendant failed to pay Plaintiffs one- and one-half times their hourly rate for all hours worked in excess of forty per work week, in violation of New York Labor Law§§ 650 et seq. and 12 NYCRR § 142-2.2.

72. Defendant's failure to pay wages and overtime compensation to Plaintiffs for work performed after the first forty hours worked in a week was willful.

73. By the foregoing reasons, Defendant has violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**NEW YORK FAILURE TO PAY ALL WAGES OWED**

74. Named Plaintiff, on behalf of herself and the putative class members, repeats and re-alleges the allegations set forth in the preceding paragraphs.

75. During the full statutory period, Named Plaintiff and the putative class members were protected by the provisions of the NYLL as well as all applicable regulations thereunder.

76. Pursuant to Article 6 and Article 19 of the New York Labor Law, §§ 190 et seq. and 650 et seq., along with their implementing regulations and the caselaw interpreting same, Plaintiffs are entitled to be paid their earned wages for each hour that they work.

77. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

78. As persons employed for hire by Defendant, including Named Plaintiff and other members of the putative class action, are "employees," as understood in NYLL § 190.

79. Pursuant to NYLL § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry,

trade, business or service."

80. As an entity that hired Named Plaintiff and other members of the putative class, Defendant is an "employer."

81. The wage rates agreed upon by Named Plaintiff and other members of the putative class constitute "wages" within the meaning of NYLL §§ 190, 191, 193 and 198.

82. Pursuant to NYLL § 191 and the cases interpreting the same, Named Plaintiff and other Putative Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

83. Pursuant to NYLL § 663 (1), "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled . . . he or she shall recover in a civil action the amount of any such underpayments together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due . . . ."

84. Pursuant to NYLL § 198(3), "[a]ll employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of such action, whether the action is instituted by the employee or the commissioner. There is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements."

85. NYLL § 193 also prohibits unauthorized deductions from wages, withholding wages, and failure to pay wages owed, and states "[t]here is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements."

86. The NYLL requires covered employers, including Defendant, to compensate Plaintiff and the putative class members at their established rates of pay for all hours worked in a workweek.

87. Plaintiff and the putative class members were not exempt from this requirement and are entitled to be paid by Defendant at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

88. Throughout the full statute of limitations period, Defendant has engaged in a common policy and practice of failing to pay Plaintiff and the putative class members at their established rates of pay for all hours worked.

89. As a result of Defendant's failure to properly compensate Plaintiff and the putative class members for all hours worked, Defendant has violated the NYLL and/or applicable regulations thereunder, including but not limited to NYLL §§ 191, 193, 198, and 663.

90. Defendant has acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the putative class in accordance with the NYLL.

91. Defendant's violations of the NYLL have significantly damaged Plaintiff and the putative class members, and entitles them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**<u>NEW YORK LABOR LAW "SPREAD OF HOURS"</u>**

92. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

93. 12 NYCRR § 142-2.4 requires that home health aides receive one hour's pay at the basic minimum hourly wage rate for home health aides, in addition to the minimum wage required for home health aides for any day in which: (a) the spread of hours exceeds 10 hours.

94. Defendant required that Plaintiffs typically work more than 10 hours in a day.

95. At all times relevant to this action, Defendant failed to pay Plaintiffs the "spread of hours" premium required by 12 NYCRR § 142-2.4.

96. Defendant's failure to pay "spread of hours" compensation for work performed by Plaintiffs after 10 hours in day was willful.

97. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.4 and is liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**NYLL § 195(3) WAGE STATEMENT VIOLATION**

98. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

99. Pursuant to Section 195(3) of the NYLL, every employer shall furnish each employee with a statement with every payment of wages that identifies, among other things, "the dates of work covered by that payment of wages; name of employee; name of employer address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For employees who are not exempt from overtime compensation . . . the statement shall the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

100. Pursuant to Section 198(1-d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

101. Defendant did not furnish Plaintiffs with accurate wage statements each week that identify, among other things, the correct number of regular and overtime hours worked, or the correct amount of regular time, overtime compensation or spread of hours compensation earned for each week in which the work was performed.

102. Defendant violated NYLL § 195(3) by failing to provide Plaintiffs with wage statements containing the information required by NYLL § 195(3).

103. Defendant's repeated failure to provide Plaintiffs with wage statements in violation of NYLL § 195 was willful.

104. As a result of Defendant's unlawful acts, Plaintiffs have been deprived of the appropriate wage statements, and Defendant is liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiffs demands judgment:

(1) on their first cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the FLSA, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, including liquidated damages, plus interest, attorneys' fees and costs;

(4) on their fourth cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, plus liquidated

damages, interest, attorneys' fees and costs;

(5) on their fifth cause of action against Defendant, Plaintiffs seek an amount to be determined at trial including all statutory damages permitted under the NYLL, plus liquidated damages, interest, attorneys' fees and costs; and

(6) such other and further relief the Court deems just and proper.

Dated: New York, New York
July 14, 2025

By: /s/ LaDonna M. Lusher
LaDonna M. Lusher, Esq.
Alanna Sakovits, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com

and

Frank S. Gattuso, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and putative class*